HEIRS OF JOSÉ S. BELAVAL, ETC., Plaintiffs and Appellees v. FERNANDO ACOSTA RAMÍREZ, Defendant and Appellant.

No. 8982. Argued July 26, 1944.—Decided July 29, 1944.

*Samuel R. Quiñones, R. Rodríguez Lebrón,* and *F. Vizcarrondo Vázquez* for appellant. *Edgar S. Belaval, pro se,* for appellees.

Mr. Chief Justice Travieso delivered the opinion of the court.

The plaintiffs, Germánico, Hilda, Esther, Mario, Vasco, Edgar, Lister, María Esther, and José S. Belaval, as heirs of José S. Belaval, obtained a judgment in their favor decreeing the eviction of the defendant from the premises which he occupies in No. 2 Tanca St., belonging to the plaintiffs. Feeling aggrieved, the defendant appealed to this court.

The plaintiffs have moved for the dismissal of this appeal on the following grounds:

1. The appeal is insufficient (*a*) because the title of the case is incorrect and (*b*) because notice was served on one of the plaintiffs-appellees only.

2. The bond furnished is void (*a*) because the title of the case is incorrect and (*b*) because the sureties do not bind themselves in favor of the plaintiffs, but in favor of the Estate of José S. Belaval, which has no juridical personality and because they bound themselves, at most, in favor of only one of the plaintiffs-appellees.

We shall not enter into a discussion of the first of the two grounds, inasmuch as we are of the opinion that the second is well founded and is by itself sufficient to grant the dismissal of the appeal.

Section 631 of the Code of Civil Procedure (1933 ed.) provides that "it shall be an indispensable requisite to the right of appeal on the part of the defendant that he furnish an undertaking, to the satisfaction of the court, bind-

ing himself to pay all damages which may be occasioned to the plaintiff, and also the costs of the appeal.''

The plaintiff herein was not, nor could it have been, the Estate (*Sucesión*) of José S. Belaval, as it is a well-settled rule that an estate as a juridical person does not exist in our law. In order that an estate may sue or be sued, the names of the persons composing the same must be expressed individually and in detail. The members of the estate and not the estate itself should appear as plaintiffs or defendants. *Dapena* v. *Estate of Dominicci*, 12 P.R.R. 64; *Orcasitas* v. *The Registrar of Property*, 21 P.R.R. 523; *Arvelo et al.* v. *Banco Ter. y Agr.*, 25 P.R.R. 677; *Armstrong & Co.* v. *Irizarry*, 29 P.R.R. 563.

The bond in this case is furnished in favor of the Estate of José S. Belaval and not in favor of Germánico, Hilda, Esther, Mario, Vasco, Edgar, Lister, María Esther, and José S. Belaval, who are the persons appearing as plaintiffs in the body of the complaint and in favor of whom the judment appealed from was rendered. The above-cited § 631 requires that the undertaking be furnished in favor of the plaintiff; and this indispensable requisite has not been complied with in the present case, inasmuch as an undertaking furnished in favor of an estate may not be considered as an undertaking in favor of each and every one of the members composing the same and who are not mentioned in the body of the obligation, just as a complaint directed against an estate may not be considered as a complaint against the persons composing the same who are not mentioned. The title appearing in the bond does not cure the omission of the names in the body of the obligation, inasmuch as in said title Germánico S. Belaval appears as sole plaintiff without any mention being made of the estate and without even adding to the name of said plaintiff the words ''et al.'' to show that the plaintiffs are several persons. In *Rieder* v. *Torruella*, 47 P.R.R. 644, this court held that the liability on a bond

may not be construed in a liberal sense, in order to amplify it to include more than what is therein contained. And we have also held that obligations under a bond should not be presumed; that is, they must be expressed. Section 1726 of the Civil Code (1930 ed.); Manresa, vol. 12, pp. 233 and 234; *National City Bank of N. Y.* v. *Martínez,* 41 P.R.R. 163.

The error committed by the appellant is incurable inasmuch as § 631 itself already cited provides that "both the deposit and the undertaking . . . shall be made or filed within the time granted for taking an appeal." And that period has already expired.

Situations like the one herein could be easily avoided if a different practice were followed in the district courts for the approval of bonds. If the party in whose favor the bond is furnished were given an opportunity to be heard and to file objections, if any, as to the form and scope of the same, the party bound to furnish it would then have an opportunity to cure any defect found by the other party before the expiration of the period granted for taking an appeal.

Inasmuch as the bond furnished in this case does not comply with the requisites provided by law, the same is considered void and therefore the motion of the appellees is granted and the appeal is hereby dismissed.

Mr. Justice De Jesús did not participate herein.